### UNITED STATES  DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**JERRY ELIZE ROWLEY**                                      **CIVIL ACTION**

**VERSUS**                                                           **NO. 06-6255**

**WAL-MART, ET AL.**                                         **SECTION:  "I"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Jerry Elize Rowley, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Wal-Mart, an unidentified store manager, and an unidentified store security officer.  In this lawsuit, plaintiff complains that store employees failed to prevent him from shoplifting and instead unfairly had him arrested.

A Spears hearing was held on October 2, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claim.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1]  At that hearing, plaintiff was sworn and his testimony was recorded.  Based

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

Dockets.Justia.com

on his complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claim.

Plaintiff candidly admits that he entered the Wal-Mart store in Covington, Louisiana, with the intention of shoplifting merchandise. He contends that store employees, aware of his intention, followed him around the store, "stalking" him. A store manager even approached plaintiff but did not prevent him from shoplifting. Plaintiff complains that after he completed shoplifting merchandise, store employees stopped him at the store exit. He was subsequently arrested for theft of $470 worth of goods, a charge on which he is currently awaiting trial. Plaintiff feels that it was "unfair" for the employees to have him arrested when they simply could have approached him in the store and stopped him from shoplifting in the first place. He asks that he be awarded $1,000,000 in damages and that the employees be fired.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit,[2] federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. <u>Cay v. Estelle</u>, 789 F.2d 318, 325 (5th Cir. 1986), <u>modified on other grounds</u>, <u>Booker v. Koonce</u>, 2 F.3d

---

[2] Rec. Docs. 2 and 3.

114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[3] and fully considering his Spears hearing testimony, the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

Plaintiff filed this complaint on a form to be used by prisoners asserting claims pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). In the instant case, plaintiff meets neither of those requirements.

Plaintiff's claim clearly implicates no federal constitutional or statutory rights. In this most unusual lawsuit, plaintiff candidly acknowledges that he entered the store with the intention of shoplifting, admits that he did in fact shoplift, and does not challenge the legal validity of his arrest

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

or detention on the resulting criminal charge.[4]  Rather, his claim appears to be that instead of simply stopping him in the store to thwart his criminal endeavor, store employees allowed him to complete his crime and then stopped him at the store exit and pressed charges.  However, even if the Court assumes that the defendants were aware of what was happening and could have avoided the resulting criminal charge by approaching plaintiff and ordering him to quit stealing, federal law imposes no legal duty on them to do so.  Victims have no obligation under federal law to attempt to dissuade their victimizers from committing crimes or to protect them from their baser instincts.  Moreover, merchants are clearly within their rights to press charges against shoplifters.  Plaintiff's novel claim that defendants are in any way at "fault" for the predicament in which he now finds himself is utterly frivolous.

Moreover, the named defendants, a private store and its employees, were not acting under color of state law as is required for liability under § 1983.  Although the employees apparently detained plaintiff until he could be arrested by police, that was a private action, not a state action.  A merchant and its employees will not be considered state actors unless, pursuant to a preconceived plan between the merchant and the police, law enforcement officers arrest alleged shoplifters based

_____

[4] Indeed, Heck v. Humphrey, 512 U.S. 477 (1994), would bar any claim of false arrest, false imprisonment, or malicious prosecution until such time as plaintiff obtains a favorable disposition on the pending criminal charge.  See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (malicious prosecution and false arrest claims barred by Heck); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997) (malicious prosecution, false arrest, and false imprisonment claims barred by Heck), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same).  That assumes, of course, that plaintiff could ever state a claim for malicious prosecution, an assumption in grave doubt in light of the United States Fifth Circuit Court of Appeals' recent determination that there is no "freestanding constitutional right to be free from malicious prosecution."  Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003), cert. denied, 543 U.S. 808 (2004).

solely on a store employee's allegations without any independent investigation.  Morris v. Dillard Department Stores, Inc., 277 F.3d 743, 747-51 (5th Cir. 2001).

Accordingly, plaintiff's federal civil rights claims are not cognizable under § 1983 and should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of October, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**